IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BILLY JOE WATTS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN BLOODWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 20–47–H–DLC–JTJ<br><br>ORDER |

On December 10, 2020 United States Magistrate Judge John T. Johnston entered his Findings and Recommendation ("F&R") recommending that Montana State Prisoner Billy Joe Watts' petition for habeas corpus under 28 U.S.C. § 2254 be denied. (Doc. 7.) Watts objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

## DISCUSSION

Judge Johnston recommended dismissing Watts' petition after concluding that Watts' claims do not survive deferential review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 7 at 1–2.) As explained by Judge Johnstone in his F&R, in order to obtain review of the merits of his petition, Watts was required under AEDPA to show that the Montana Supreme Court's application of clearly established federal law was unreasonable such that no fair-minded jurist could agree with its decision. (*Id.* at 5–6.) He then determined that Watts had not made this threshold showing because the Montana Supreme Court's decision to uphold Watts' prior convictions under the pre-2013 versions of Montana Code Annotated § 45-5-206 based on the statute's severability clause involved only state law issues. (*Id.* at 7.)

Watts spends the bulk of his objection arguing the merits, but as explained to him, the Court will not address those issues unless he passes through the gateway of 28 U.S.C. § 2254(d). In response to this issue, Watts argues with the logic underlying the Montana Supreme Court's decision in *State v. Theeler*, 385 P.3d 551 (Mont. 2016), which is irrelevant to this Court's analysis of whether Watts' petition survives AEDPA deference.

Reviewing de novo, the Court agrees and adopts Judge Johnston's recommendation to deny Watts' petition. Watts has not shown any violation of

2

clearly established federal law. Therefore, Watts cannot overcome the deference this Court owes to the Montana Supreme Court's decision as circumscribed by 28 U.S.C. § 2254(d). Moreover, because jurists of reason could not disagree with its decision, the Court adopts the recommendation to deny a certificate of appealability.

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 7) is ADOPTED in full.

1. Watts' Petition (Doc. 1) is DENIED for lack of merit because it does not survive deferential review.

2. The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 8th day of February, 2021.

_____
Dana L. Christensen, District Judge
United States District Court